14-2870-cv
Henvill v. Metro. Transp. Auth.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand fifteen.

PRESENT: DENNIS JACOBS,
            RAYMOND J. LOHIER, JR.,
               *Circuit Judges*,
            FRANK P. GERACI, JR.,*
               *District Judge*.
-----------------------------------------------------------------

WINSTON HENVILL,

       *Plaintiff-Appellant*,

          v.                     No. 14-2870-cv

METROPOLITAN TRANSPORTATION AUTHORITY, JOHN D'AGOSTINO, KATHLEEN FINNERAN, JOSEPH PUGLIESE, STEVE GUARDINO, RICKY SMITH, KEVIN KIERAN, ALEXANDER LINDSAY,

---

* Chief Judge Frank P. Geraci, Jr., of the United States District Court for the Western District of New York, sitting by designation.

CHRISOPHER NUTTER, and MICHAEL YASSO,

*Defendants-Appellees.*

------------------------------------------------------------------

FOR APPELLANT:      ALAN E. WOLIN, Wolin & Wolin, Jericho, NY.

FOR APPELLEES:      GREGORY B. GILMORE, Gonzalez Saggio & Harlan LLP, New York, NY.

Appeal from judgments of the United States District Court for the Southern District of New York (George B. Daniels, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the July 14, 2014 judgment of the District Court is AFFIRMED and the October 10, 2014 judgment of the District Court is AFFIRMED IN PART and VACATED AND REMANDED IN PART.

Winston Henvill appeals from the District Court's July 14, 2014 judgment granting the motion of the Metropolitan Transportation Authority ("MTA") and nine MTA employees to dismiss his employment discrimination complaint, and from the District Court's October 10, 2014 judgment denying Henvill's request for leave to amend the complaint. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm in part and vacate and remand in part.

On appeal, Henvill makes no arguments regarding the District Court's grant of Defendants' motion to dismiss. Accordingly, he has abandoned any challenge to that ruling. See Jackler v. Byrne, 658 F.3d 225, 233 (2d Cir. 2011).

As for Henvill's request for leave to amend, which the District Court denied on the ground that the proposed amended complaint ("PAC") would not survive a motion to dismiss, we affirm the ruling as to most of Henvill's Title VII

claims. Henvill's claims based on incidents that occurred between 2008 and October 2010 are time-barred, and the PAC fails plausibly to allege a "continuous practice and policy of discrimination." Washington v. Cnty. of Rockland, 373 F.3d 310, 317 (2d Cir. 2004) (quotation marks omitted). We also affirm the denial of Henvill's motion to amend his hostile work environment claims. See Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 116 (2002). In addition, we agree that the PAC fails to allege any facts making it plausible that the MTA's denial of training, the January 2012 notice of intent to discipline, or the threat of discipline against Henvill created a "materially adverse change in the terms and conditions of employment." Galabya v. N.Y.C. Bd. of Educ., 202 F.3d 636, 640 (2d Cir. 2000) (quotation marks omitted); see PAC ¶¶ 47, 53-54. Nor does the PAC plausibly claim that the MTA, by verbally counseling Henvill and requiring him to go to Internal Affairs and write two memoranda, acted in a way that "well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Rivera v. Rochester Genesee Reg'l Transp. Auth., 743 F.3d 11, 25 (2d Cir. 2014) (quotation marks omitted); see PAC ¶¶ 48-51. Finally, the PAC fails to allege sufficient facts giving rise to a plausible claim that the command discipline issued by Sergeant Steve Guardino, the letter of instruction issued by Captain Kevin Kieran, and the March 2012 disciplinary action prohibiting Henvill from issuing summonses were because of Henvill's race and color. See E.E.O.C. v. Port Auth. of N.Y. & N.J., 768 F.3d 247, 254 (2d Cir. 2014); Brown v. Daikin Am. Inc., 756 F.3d 219, 229 (2d Cir. 2014); PAC ¶¶ 44, 52.

However, the District Court erred in denying Henvill's request for leave to amend as it pertained to the race-based discrimination claim regarding the command discipline issued by Lieutenant Lee Dittrich and the retaliation claim regarding the removal of Henvill's summons-issuing responsibilities. See PAC

3

¶¶ 45-46, 52.  The alleged effects of the command discipline plausibly constitute a "material loss of benefits," Demoret v. Zegarelli, 451 F.3d 140, 151 (2d Cir. 2006) (quotation marks omitted), and, allegedly, specific white officers who committed overtime violations comparable to Henvill's were not disciplined.  And the PAC plausibly claims that shortly after Henvill filed his first charge with the EEOC, the MTA stripped Henvill of a "material part of [his] duties and responsibilities" as a transit police officer by prohibiting him from issuing summonses, PAC ¶ 52, a change in duties that may well have been "materially adverse to a reasonable employee," Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 57 (2006).

We have considered all remaining arguments and conclude that they are without merit.  For the foregoing reasons, we AFFIRM the District Court's July 14, 2014 judgment, AFFIRM in part and VACATE in part the District Court's October 10, 2014 judgment, and REMAND for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court